UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN MICHAEL KLAVE, | ) | Civ. 13-4074-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHERIFF MIKE MILSTAD, | ) | |
| Minnehaha County; | ) | |
| CHIEF DEPUTY SHERIFF | ) | |
| MICHELLE BOYD, | ) | ORDER DENYING MOTION FOR |
| Minnehaha County; | ) | SUMMARY JUDGMENT AND |
| SHERIFF NELSON, Lincoln County; | ) | DENYING MOTION TO APPOINT |
| DEPUTY SHERIFF JOHN DOE I, | ) | COUNSEL |
| Lincoln County; | ) | |
| LINDA OSBORNE, | ) | |
| Correct Care Solutions Employee, | ) | |
| Minnehaha County; | ) | |
| PAM KNOPP, | ) | |
| Correct Care Solutions Employee, | ) | |
| Minnehaha County; and | ) | |
| JEFF GROMER, Warden, | ) | |
| Minnehaha County Jail, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Ryan Michael Klave, is an inmate at the Minnehaha County Jail in Sioux Falls, South Dakota. Klave has filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and is now moving for summary judgment. Docket 16. Defendants oppose the motion. Klave also moves for appointment of counsel. Docket 17.

## FACTS

In the claim that survived screening, Klave claims that defendants violated his constitutional rights under the Eighth Amendment. Docket 1 at 5. Klave represents in his complaint that he suffers from bipolar disorder with psychotic features, anxiety disorder, depression, and ADHD. Docket 1 at 6. According to Klave, he has been prescribed medications to treat his conditions, but such medications ran out in February 2013. *Id.* Although Klave has asked the medical staff and prison guards for assistance "in securing help to get more of his medications," and despite Klave's compliance with inmate grievance procedures, he has been unable to get the medications he requires. *Id.* at 6–7. In denying Klave prescription medications, the medical staff apparently cite the cost of such provisions—"his medications cost to [sic] much to obtain." *Id.* at 6. As a result, Klave "has suffered many episodes of getting locked in the . . . segregated housing unit for not having his medications." *Id.* at 7.

After screening, the complaint was served on defendants Jeff Gromer, Michelle Boyd, Mike Milstad, and Pam Knopf. Service was completed on July 24, 2013. Docket 12. Service was not completed on defendant Linda Osborne.  Docket 13. Defendants Gromer, Boyd, Milstad, and Knopf filed an answer to the complaint on August 12, 2013. Docket 15. Klave filed his motion for summary judgment on August 15, 2013. Docket 16.

## I.     The court denies Klave's motion for summary judgment.

Klave moves for summary judgment on the grounds that defendants failed to timely answer his complaint. As a result, he claims that the allegations in his complaint are uncontested and establish that he is entitled to judgment as a matter of law.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), a "defendant must serve an answer . . . within 21 days after being served with the summons and complaint[.]" Here, defendants filed their answer 19 days after being served with the summons and complaint. Because their answer was timely, the allegations in Klave's complaint are contested, and he is not entitled to judgment as a matter of law.

## II.    The court denies Klave's motion to appoint counsel.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* In this case, the facts of Klave's remaining claim are not complex. Klave appears able to adequately present his § 1983 claim at this time, and his motion to appoint counsel (Docket 17) is therefore denied. Accordingly, it is

3

ORDERED that Klave's motion for summary judgment (Docket 16) is denied. Discovery is not stayed, but defendants may filed a motion for summary judgment based on official or qualified immunity at any time.

IT IS FURTHER ORDERED that Klave's motion to appoint counsel (Docket 17) is denied.

Dated January 7, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

4